# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| JAMES PETTIE,<br><br>                        Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE,<br><br>                        Defendant. | 2:13-cv-00340-GMN-VCF<br><br>**ORDER**<br><br>[Plaintiff's Motion to Stay #16] |

Before the Court is the *James Pettie v. American Family Insurance*, case no. 2:13-cv-00340-GMN-VCF.

**BACKGROUND:**

This case stems from a car accident that resulted in personal injuries to Plaintiff James Pettie. On July 24, 2006, Plaintiff, was heading Southbound on Tenaya, when the adverse driver, Robert Carlson, pulled in front of Plaintiff's vehicle causing a collision, resulting in injuries to Plaintiff.  After filing and settling a claim against the adverse insurance company, Plaintiff made a claim against his own insurance company for underinsured benefits which resulted in this litigation. On or around March 4, 2013, Plaintiff passed away. On July 9, 2013, Defendant filed Suggestion of Plaintiffs Death upon the record (#15).  Plaintiff's Counsel requests the Court stay this case for six months to allow time to create an estate and substitute it on Plaintiffs behalf pursuant to Fed. R. Civ. P. 25.

Defendant opposes Plaintiff's request, stating several reasons why the Court should deny this request. First, counsel is already required to perform these activities under Fed. R. Civ. P. 25.  Fed. R. Civ. P. 25(a)( I) provides for ninety (90) days in which to substitute the proper parties after the filing of the Suggestion of Death on the record and further provides that the litigation will continue during this time period. There has been no demonstration of any type of special circumstances warranting a six

month stay in this litigation in order to accomplish what is mandated under the rule to occur within the ninety (90) day time period.  Second, Plaintiff has asserted claims for Breach of Contract, Bad Faith and Punitive Damages. Counsel can most certainly conduct discovery into the facts and circumstances regarding the alleged breach of contract and the nature of the handling of Plaintiff's claim.  Plaintiff's presence is not necessary for this discovery save as to the measure of his damages which have now become fixed. There is no reason as to why this discovery cannot continue in this action if Mr. Pettie's parents elect to proceed with this lawsuit. Third, Counsel can most certainly contact Mr. Pettie's parents within a relatively short time to determine whether or not they wish to proceed with whatever claims are left after Mr. Pettie's passing. Finally, there is no service of judicial economy for this lawsuit to remain on the Court's docket for a six month time period.

**Discussion:**

A stay is not warranted under these circumstances.  However, Plaintiff's counsel will be allowed until November 4, 2013, to substitute the decedent's successor or representative in place of the Plaintiff. Failure to meet this deadline may result in a report and recommendation that the case be dismissed.

Dates set in the Discovery Plan and Scheduling Order (#14) entered on April 22, 2013, will be extended approximately four months as set forth below.

IT IS HEREBY ORDERED that Plaintiff's Motion for Stay (# 16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the time within which Plaintiff's counsel must file a motion to substitute the decedent's successor or representative in place of the Plaintiff is extended until **November 4, 2013.**

IT IS FURTHER ORDERED that the following deadlines set in the Court's previously entered Discovery Plan and Scheduling order are extended:

A.    Discovery must be completed on or before **January 27, 2014**.

B.    Amended Pleadings and Adding Parties:    The time for filing has expired.

C.    Disclosure of Experts:

Expert disclosures must be made on or before **November 27, 2013** which is 60 days before discovery cut-off.  Rebuttal expert disclosures must be made on or before **December 27, 2013** which is 30 days after Expert disclosures.

D.    Interim Status Report:

The interim status report must be filed by the parties on or before **November 27, 2013** which is 60 days before discovery cut-off.

E.    Dispositive Motions:

Dispositive motions must be filed and served on or before **February 27, 2014** which is 30 days after discovery cut-off.

F.    Joint Pre-Trial Order:

The Joint Pre-trial Order must be filed on **March 27, 2014**, which is 30 days after the date set for filing of dispositive motions.  In the event dispositive motions are filed, the date for filing the Joint Pre-trial Order must be suspended until 30 days after the decision on the dispositive motions or further order of the Court.

G.    Fed.R.Civ. P. Rule 26(a)(3) Disclosures:

The disclosures required by Fed. R. Civ. P. Rule 26(a)(3) must be made in the joint pre-trial order.

H.    Later Appearing Parties:

A copy of this discovery plan and scheduling order must be served on any person after it is entered or, in the alternative, if an additional defendant should appear, within five (5) days of their first

appearance.  This discovery plan and scheduling order will apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

I.      Extension of Discovery Deadlines:

Pursuant to Local Rule 26-4, any request to extend the dates set forth in this Discovery Plan and Scheduling Order must be filed with the Court no later than 21 days prior to the discovery cut-off date or **January 6, 2014**.

DATED this 7th day of August, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4